[No. 9762. Department One. November 14, 1911.]

EDWARD FROSTMAN, *Appellant*, v. STIRRAT & GOETZ
INVESTMENT COMPANY, *Respondent*.[1]

MUNICIPAL CORPORATIONS—SIDEWALKS—ABUTTING OWNERS—FALL-ING OBJECTS—BUILDING PERMITS—VIOLATION OF ORDINANCE—INJURIES —PROXIMATE CAUSE. Where a building permit was issued to the owner of premises, who let the work to an independent contractor, and no staging over the sidewalk was constructed when the first story was completed, as required by a city ordinance, the owner of the premises is liable to one lawfully on the sidewalk area who was injured by being struck by a plank which fell or was thrown from an upper story of the building upon the unprotected sidewalk area; failure to construct the staging being the proximate cause of the injury.

SAME—ASSUMPTION OF RISKS—RIGHTS OF ABUTTERS. In such a case, the injured party, lawfully working for the city on the side-

[1]Reported in 118 Pac. 742.

walk area in debris that had accumulated, is not a trespasser and does not assume risks except such as he might encounter in the debris.

Same—Independent Contractors—Permit to Owner. The fact that it was the duty of the independent contractor to erect the staging over the sidewalk area does not relieve the owner of the premises from liability for failure to have the staging up, where the permit for the construction of the building was issued to him and he agreed to comply with the ordinance.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 31, 1911, upon granting a nonsuit, in an action for personal injuries. Reversed.

*Dillon & Dunaway* and *Reynolds, Ballinger & Hutson*, for appellant.

*Charles A. Riddle* (*Hughes, McMicken, Dovell & Ramsey*, of counsel), for respondent.

Mount, J.—Action for personal injuries. The trial court dismissed the action upon motion of the defendant at the close of the plaintiff's evidence. Plaintiff has appealed.

It appears from the evidence, that the defendant company was the owner of a brick building, located on the east side of Third avenue, in the city of Seattle; that, by reason of the widening of this avenue by the city, it became necessary for the defendant to remove a part of the building, which stood on the condemned area. This involved the tearing down of the old wall and the construction of a new wall on the line of the street as widened, and also certain interior reconstruction work. The defendant applied for and secured a permit from the city to remodel this building so as to make it conform to the new street lines. Defendant also applied for and secured a permit from the city to use an abutting portion of Third avenue for placing structures and materials thereon to be used in the course of reconstructing the building. The defendant agreed to comply with the provisions of the city ordinances in regard to such matters.

An ordinance of the city provided that, upon the construc-
tion of any building so situated,

"When the framework of any building shall have been
constructed up to and including the first story above the
street or public place, the temporary sidewalk constructed
in the street, as hereinbefore provided, shall be removed and
a temporary or the permanent sidewalk shall be constructed
under the staging within the sidewalk area, as hereinabove
provided, and said sidewalk under the staging shall be kept
clear of all obstructions, except that building · material,
tools, and machinery may be carried across said sidewalk
into the building, or such material, tools, and machinery
may be hoisted above and conveyed over the staging into the
building." Ordinance, No. 16,081, § 13.

After securing this permit, the defendant let a contract
to one Bamberg to tear down and build up the front wall
of the building. The plumbing was let to the Ernst Plumb-
ing Company, and the plastering work was let to one Peder-
son. The defendant did its own carpenter work. At the
time the plaintiff was injured, the framework of this
building was constructed three stories high above the side-
walk. No temporary sidewalk or staging above the side-
walk had been constructed as required by the ordinance, or
at all. Debris had accumulated around the sidewalk area so
as to impede public travel across the same. The outer walls
appear to have been about completed, but men were working
upon the inside of the building clearing out debris, some of
which was being thrown out of the window opening upon the
street. These men doing this work appear to have been
in the employ of Bamberg. The plaintiff was working in a
trench in the abutting sidewalk area near the curb, under
direction of a foreman who was installing cluster street lights
for the city. While he was so engaged, a piece of scantling
fell or was thrown from the third story of the building, and
struck the plaintiff upon the back.

It is apparent that, if the staging had been constructed
and in place as required by the city ordinance, the plaintiff

would not have been injured. The trial court was of the opinion, as appears from the record, that the absence of the staging over the sidewalk was not the proximate cause of the injury, and therefore that the defendant was not liable. We are of the opinion that the trial court was in error in this conclusion. It is shown that the plaintiff was within the sidewalk area. He was lawfully there. If the staging had been constructed as required by the ordinance, he would not have been injured. The staging was required for the purpose of protecting persons upon the street from debris which was liable to fall or be thrown from above in such cases. It had no other purpose. The city authorities recognized the liability of such danger, and passed the ordinance in order to safeguard the public who might lawfully be there. It is said that, if this same scantling had been thrown from across the street or by a trespasser in the building, or wantonly by some workman or other person in the building for whom the defendant was not responsible, the defendant could not be held liable therefor; all of which is probably true. But these facts do not appear in this case and cannot be assumed, because it is shown here that, previous to the injury, debris was being thrown from the building by men employed and within the building, and that this stick was thrown from the third floor. The presumption, of course, is that it was not thrown wantonly, but was thrown by some one in the line of his employment for whose neglect the defendant was liable.

Defendant also argues that the plaintiff was a trespasser by reason of the fact that debris was piled around the sidewalk area. The ordinance provides that, as soon as the first story is completed, the temporary sidewalk in the street shall be removed and a sidewalk constructed under staging for use by the general public. The first story had been constructed, and the plaintiff was upon the street there about his business. Even though debris was upon the area, he had a right to assume that no injury would befall him except

such as he might encounter in the debris.    He was therefore lawfully upon the sidewalk area, and was not a trespasser.

It is argued that the exterior wall was completed, and that there was no further necessity for the staging.    It is true that the ordinance does not provide when the staging shall be removed, but it is apparent that it should remain so long as debris was being cast from above.    Its absence would indicate to a passer-by that nothing was being cast down from above.    The evidence shows that debris was being cast from the building upon the street, upon the day of the injury.    The staging was required by ordinance, and since it would have prevented the injury, which was one likely to happen and which should have been foreseen, it follows, we think, that the absence of the staging was the proximate cause of the injury.

Defendant argues that the court properly granted the dismissal because Bamberg, to whose agency is imputed the casting of the stick which caused the plaintiff's injury, was an independent contractor whose duty it was to erect the staging, and for whose neglect in that respect the respondent is not liable.    Defendant relies upon the rule of independent contractor, and the case of· *Koch v. Fox*, 71 App. Div. 288, 75 N. Y. Supp. 913.    We may concede that Bamberg was an independent contractor under the facts proven, and that he was under obligation to construct the staging over the sidewalk area.    It is the general rule that the owner of a building is not responsible for the negligence of an independent contractor, and that such contractor must answer for his own wrongs and those committed in the course of his work by his servants.    But there are exceptions to this rule, and it seems to us that this case falls within one of the recognized exceptions.    The permit in this case to occupy the street and the sidewalk area was granted by the city to the defendant, who agreed to comply with the ordinances.    It was clearly his duty to comply with his agreement.    The defendant thereafter let the work, or a part of it, to inde-

pendent contractors. Neither the defendants nor the contractor complied with the agreement or the ordinances. The rule is stated at § 1030, 2 Dillon on Municipal Corporations (4th ed.), as follows:

"Accordingly, the later and better considered cases in this country respecting streets have firmly, and, in our judgment, reasonably, established the doctrine that, where the work contracted for necessarily constitutes an obstruction or defect in the street, of such a nature as to render it unsafe or dangerous for the purposes of public travel, unless properly guarded or protected, the employer (equally with the contractor), where the injury results directly from the acts which the contractor engaged to perform, is liable therefor to the injured party. But the employer is not liable where the obstruction or defect in the street causing the injury is wholly collateral to the contract-work, and entirely the result of the negligence or wrongful acts of the contractor, sub-contractor, or his servants. In such a case the immediate author of the injury is alone liable."

See, also, Thompson, Law of Negligence, §§ 673, 674; *Smith v. Milwaukee Builders' & Traders' Exchange*, 91 Wis. 360, 64 N. W. 1041, 51 Am. St. 912, 30 L. R. A. 504; *Thompson v. Lowell etc. St. R. Co.*, 170 Mass. 577, 49 N. E. 913, 40 L. R. A. 345, 64 Am. St. 326, and note; *Jacobs v. Fuller etc. Co.*, 67 Ohio St. 70, 65 N. E. 617, 65 L. R. A. 842, and note; *City of Anderson v. Fleming*, 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 126, notes 4 and 5; *Koch v. Fox, supra.*

This last case cited holds that, under the New York city ordinance, it was not the owner's duty to erect the barriers where the work had been let to a general contractor. It distinguishes the Wisconsin case upon the phraseology of the ordinance. The ordinance in this case is the same as the ordinance in the Wisconsin case. In this case, also, the owner of the building actually took out the permit and agreed to erect the barrier, which was never done, either by it or the independent contractor. The injury here was one which resulted directly from the failure to erect the staging, and this failure was negligence of the owner as

well as of the subcontractor, because it was a statutory duty which the owner had agreed to perform, and which he could not delegate to another and thereby escape liability.

We are satisfied that, under the facts stated, the cause should have been submitted to the jury. The judgment is therefore reversed, and the cause remanded for a new trial.

DUNBAR, C. J., PARKER, and FULLERTON, JJ., concur.