POLSTON *v.* S. S. KRESGE COMPANY.

1. LANDLORD AND TENANT—TENANT'S LIABILITY—LICENSES—IN-
VITEES.

In determining lessee's liability for injuries to another while
on the premises, the mere silence, acquiescence or permis-
sion of the lessee, standing alone, does not establish an in-
vitation to come upon the land, although a license may thus
be created.

2. NEGLIGENCE—INVITEES.

Where a person is upon premises without having been induced
to come by personal invitation, by employment which brings
him there, by resorting there as to a place of business, or
by reason of general resort held out as open to customers,
he would not be considered as an invitee of the possessor
in determining latter's liability for former's injuries sus-
tained while on the premises.

3. LICENSES—PUBLIC USE—WASHING WINDOWS OF SECOND STORY
OF BUILDING.

Where members of the public, in using a 10-foot strip as a
public sidewalk in front of defendant's leased premises with
the land possessor's knowledge, permission and acquiescence
were, as such, not trespassers but licensees, and it appears
that washers of second-story windows had customarily placed
their ladders on such strip in connection with their work
with defendant's knowledge, such license extended to the
window washers.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am. Jur., Negligence, §§ 98, 99.
[3-6] 38 Am. Jur., Negligence, § 104.
[3-6] Liability to trespasser or bare licensee as affected by dis-
tinction between active and passive negligence.   49 A.L.R.
778; 156 A.L.R. 1234.
[3-6] Duty and liability respecting condition of store or shop.
162 A.L.R. 949.

4. SAME—WINDOW WASHERS—REVOCATION—AWNINGS.

License to use 10-foot strip in front of defendant's leased premises for placing ladders in order to wash windows on second floor was not revoked as to plaintiff window washer during a portion of the day merely because defendant had requested plaintiff's employer to have the windows washed earlier in the morning because it was necessary to have awnings lowered in order that defendant's merchandise would not be damaged.

5. NEGLIGENCE—TRESPASSERS—LICENSEES.

After a possessor of land is aware of the presence of a trespasser or licensee, or if in the exercise of ordinary care he should have known of their presence, he is bound to use ordinary care to prevent injury to them arising from active negligence.

6. SAME—WINDOW WASHING—AWNINGS—ACTIVE NEGLIGENCE.

Defendant possessor of 10-foot strip of land in front of premises it leased for store purposes was bound to anticipate presence of plaintiff window washer of second-story windows under circumstances showing plaintiff to be a licensee using a way held out for general public use.

7. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS OF FACT.

The question of defendant land possessor's active negligence in having its awning lowered so as to cause plaintiff window washer to fall from ladder while he was washing second-story windows and question of plaintiff's contributory negligence in washing the windows at such time of day *held,* under the circumstances, questions of fact determinable by the trial court, sitting without a jury.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 5, 1949. (Docket No. 15, Calendar No. 44,275.) Decided May 18, 1949.

Case by Hollie Polston against S. S. Kresge Company for personal injuries sustained when ladder upon which plaintiff was standing was knocked from under him by defendant's employee. Judgment for

defendant. Plaintiff appeals. Reversed and new trial granted.

*Elmer H. Groefsema,* for plaintiff.

*Franklin D. Dougherty,* for defendant.

Dethmers, J. Defendant was the lessee of the ground floor of a 2-story store building and of a 10-foot strip across the front thereof covered by a sidewalk which extended in width beyond the strip onto the public right-of-way to a curb. There was nothing about the appearance of the sidewalk to indicate that the strip was not part of the public sidewalk and the defendant permitted the public to use it as such.

Plaintiff placed a ladder against the front of the building with its base resting on the 10-foot strip and climbed up to wash a second-story window, for which job plaintiff's employer had a contract with the building's owner. An employee of defendant came out of the store and lowered an awning in front of it, knocking down the ladder and causing plaintiff to fall and suffer injuries. Defendant's employee admitted that from the position where he stood while lowering the awning he could have seen the ladder, but that he did not do so.

Plaintiff's suit for resultant damages was tried by the court without a jury. The court held plaintiff to have been a trespasser to whom defendant owed no duty other than to refrain from willfully and wantonly injuring him and, the latter not being claimed, found for defendant. Plaintiff appeals, contending that he was an invitee to whom defendant owed the duty to keep his premises in a reasonably safe condition for plaintiff's use, or, at least, a licensee to whom defendant owed the duty to use ordi-

nary care to prevent injury to him arising from defendant's active negligence.

Was plaintiff an invitee, licensee or trespasser? Mere silence, acquiescence or permission standing alone does not establish an invitation, although a license may thus be created. *Peck* v. *Adomaitis,* 256 Mich. 207. From *Hargreaves* v. *Deacon,* 25 Mich. 1, it appears that damages for accidental injuries sustained on private premises resulting from the negligence of the owner may not be recovered by one on the theory that he is an invitee "unless the party injured has been induced to come by personal invitation, or by employment which brings him there, or by resorting there as to a place of business, or of general resort held out as open to customers," et cetera. By these tests plaintiff was not defendant's invitee. Members of the public in using the 10-foot strip as a public sidewalk with defendant's knowledge, permission and acquiescence were, as such, not trespassers but licensees. *Morrison* v. *Carpenter,* 179 Mich. 207 (Ann. Cas. 1915D, 319); *Douglas* v. *Bergland,* 216 Mich. 380 (20 A. L. R. 197); *Sylvester* v. *Grand Rapids Bookcase Co.,* 169 Mich. 340; *Burns* v. *Union Carbide Co.,* 265 Mich. 584. The testimony shows that it had long been a custom in the community for window washers to place ladders on sidewalks in front of buildings in connection with their work and that defendant knew that this was being done, over a period of 13 years, at least once a month, by employees of plaintiff's employer on the walk here in question. While it is true that the depositing of rubbish or placing of barriers upon, or other uses of the strip inconsistent with the general purposes of the license, without the defendant's consent, would amount to trespass (25 Am. Jur., Highways, § 137), nevertheless the license to use the strip for sidewalk purposes extended not only to use thereof for pedestrian travel, but also to other uses

commonly made of such sidewalks which are not inconsistent with the license. *Collins* v. *City of Chicago,* 321 Ill. App. 73 (52 N. E. [2d] 473); *Gilligan* v. *City of Butte,* 118 Mont. 350 (166 Pac. [2d] 797); *Beaulieu* v. *Tremblay,* 130 Me. 51 (153 Atl. 353); *Leighton* v. *Dean,* 117 Me. 40 (102 Atl. 565, L. R. A. 1918B, 922); *Frostman* v. *Stirrat & Goetz Investment Co.,* 65 Wash. 608 (118 Pac. 742); *Schmitt* v. *City of Syracuse,* 229 N. Y. 161 (128 N. E. 119, 24 A. L. R. 763). This was particularly true of the kind of use made of the strip by plaintiff, in which defendant had acquiesced for 13 years. We are not in accord with defendant's contention that plaintiff's license to so use the sidewalk became revoked and that plaintiff in so using it became a trespasser during such time of the day as the sun might be shining upon the windows under the awning in question merely because it was established that defendant had on two occasions during the 13-year period complained to plaintiff's employer that rolling up the awning for the purpose of placing ladders while the sun was shining there would damage defendant's merchandise in the show windows and that defendant had for that reason asked plaintiff's employer to wash the windows earlier in the morning.

Although contending that plaintiff was a trespasser, defendant relies on such cases as *Hargreaves* v. *Deacon, supra, Douglas* v. *Bergland, supra,* and *Lauchert* v. *American S. S. Co.,* 65 Fed. Supp. 703, as authority for the proposition that even as to licensees a property owner owes no duty of care other than that of refraining from willfully or wantonly injuring him. Those were not cases, however, of active negligence, but of negligence in maintaining premises in a defective or dangerous condition. In the instant case, plaintiff charges defendant's employee with active negligence in lowering the awning in disregard of plaintiff's safety and without looking

and observing the presence of plaintiff or the ladder upon which he stood. In *Herrick* v. *Wixom,* 121 Mich. 384 (6 Am. Neg. Rep. 576); *Schmidt* v. *Michigan Coal & Mining Co.,* 159 Mich. 308, and *Verlinde* v. *Michigan Central Railroad Co.,* 165 Mich. 371, we held, to quote from the *Schmidt Case,* that:

"After the owner of premises is aware of the presence of a trespasser or licensee, *or if in the exercise of ordinary care he should know of their presence,* he is bound to use ordinary care to prevent injury to them arising from *active negligence.*"

It may be urged that in the last 3 cases the presence of the licensee or trespasser was known to the owner and that, therefore, the quoted words "or if in the exercise of ordinary care he should know of their presence" amount to *obiter dictum* and that the applicable rule was laid down in *Preston* v. *Austin,* 206 Mich. 194, in which the presence of the trespasser was not known to the owner and in which it was held that the owner was under no duty to be on the lookout for a trespasser in order to avoid causing him injury resulting from the owner's active negligence. The instant case is distinguishable, however, from the *Preston Case* in that there the plaintiff was a trespasser whose presence the owner had no reason to anticipate, while here he was a licensee whose presence defendant did have reason to anticipate. Plaintiff in the *Preston Case* was not injured while traveling on a path or walk commonly traveled by licensees, but while he was in the midst of defendant's hayfield, which it was not shown that licensees or trespassers were wont to cross. An examination of *Morrison* v. *Carpenter, supra; Habina* v. *Twin City Electric Co.,* 150 Mich. 41 (13 L. R. A. [N. S.] 1126); *Douglas* v. *Bergland, supra,* and *Hargreaves* v. *Deacon, supra,* discloses that in considering the duty owed by the owner of premises to

licensees, let alone trespassers, "a different rule applies to the license to use a way or path which has been openly and notoriously held out to the public for use from a license to go upon premises generally" (*Douglas* v. *Bergland, supra*). A logical basis for distinction is that a greater duty should rest upon the owner of premises to anticipate and look out for the presence of licensees on a commonly-travelled way or path than of licensees or trespassers on the premises generally. Consequently, when, contrasted with the factual situation in the *Preston Case,* we were confronted with a case in which, under the facts, it might be found that defendant had reason to anticipate plaintiff's presence in a position of danger on defendant's premises, we quoted with approval the above quotation from the *Schmidt Case,* and went on to say:

"Kuite (defendant's employee) said he did not see plaintiff on the screen because of the position of his crane. But it appears undisputed that the coal clogged, there was no workman present to loosen it, and Kuite took directions for more coal from plaintiff; and there was testimony that he knew customers climbed on the device to release clogging. Although the jury may have found that there was not sufficient custom of the yard to constitute plaintiff an implied invitee or a licensee in going on the screen, it could have found that there was sufficient of a practice, known to Kuite, as would have put him on inquiry as to plaintiff's position when he loosened the coal and, in the exercise of reasonable care, he (Kuite) should have anticipated that plaintiff might be on the screen. If he (Kuite) knew or was chargeable with knowledge that plaintiff was on the screen, Kuite was guilty of active negligence if he overloaded the device and knew it was unsafe, as claimed by plaintiff. The issues of Kuite's duty and plaintiff's contributory negligence under the circumstances

were for the jury even though plaintiff were a trespasser." *Wieghmink* v. *Harrington,* 274 Mich. 409.

In the instant case defendant was well aware of the fact that the strip was commonly used by the public as a sidewalk and that employees of plaintiff's employer were accustomed to placing ladders in front of the store building for window-washing purposes and that this interfered with the use of the awning. The quoted language from the *Wieghmink Case* is, therefore, peculiarly applicable. If defendant knew or in the exercise of ordinary care should have known of plaintiff's presence it was bound to use ordinary care to prevent injury to him resulting from defendant's active negligence.

The question of defendant's active negligence and of plaintiff's contributory negligence, discussed in parties' briefs on appeal, were, under all the circumstances of the case, questions of fact which should have been but were not determined by the trial court.

Judgment for defendant reversed and a new trial granted, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, and CARR, JJ., concurred.

BUTZEL, J., did not sit.