DRAPER v. SWITOUS.

1. NEGLIGENCE—LANDOWNERS—LICENSEES.

A landowner is bound to use ordinary care to prevent injury, arising from active negligence, to a licensee of whose presence he is aware or, in the exercise of ordinary care, he should be aware.

2. SAME—LANDOWNER'S DUTY TO LICENSEES.

Members of the public who go across a landowner's premises on a commonly-traveled way or with his knowledge and acquiescence are not trespassers, but licensees and the landowner has a greater duty of care than he would to licensees or trespassers generally.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  38 Am Jur, Negligence §§ 104–108.
[3]  38 Am Jur, Negligence §§ 168, 348, 372.
[4]  15 Am Jur, Damages §§ 214–216, 234.
  Excessiveness of damages in action by person injured for personal injuries not resulting in death (for years 1941 to 1950). 16 ALR2d 3.
  Adequacy of damages in action by person injured for personal injuries not resulting in death (for years 1941 to 1950). 16 ALR2d 393.
[5]  15 Am Jur, Damages §§ 205, 231.

3. SAME—ICE-COVERED PREMISES—CONTRIBUTORY NEGLIGENCE—NON-JURY CASE—EVIDENCE.

. Trial court's finding in nonjury case that pedestrian whose path on sidewalk was blocked by car waiting to be serviced at defendant's service station and car wash and who fell on ice which had accumulated on 3″ slope from sidewalk to entrance of car wash was not guilty of contributory negligence in proceeding over defendant's property rather than around street end of car and that defendant was guilty of active negligence in creating the condition of thick ice near the opening of his wash rack, *held,* justified by record made in pedestrian's action for injuries sustained in fall on ice.

4. DAMAGES—ARM INJURY—PAIN AND SUFFERING.

Judgment for $1,250 to plaintiff in nonjury action for injuries to arm sustained in fall on ice on defendant's premises *held,* not grossly inadequate, where out-of-pocket losses were $849.63, and $400.37 was allowed for pain and suffering.

5. SAME—ADEQUACY OF AWARD.

The Supreme Court does not reverse the trier of fact as to the amount a plaintiff is permitted to recover where the amount is determined, as a matter of law, not to be inadequate.

Appeal from Superior Court of Grand Rapids; Vander Ploeg (Claude), J. Submitted April 4, 1963. (Calendar No. 33, Docket No. 49,463.) Decided July 17, 1963.

Case by Edith Draper against Anthony Switous for personal injuries sustained in fall on ice on defendant's premises. Judgment for plaintiff. Defendant appeals. Plaintiff cross-appeals claiming judgment inadequate. Affirmed.

*White, Smitter & Zimmerman,* for plaintiff.

*Mitts, Smith & Haughey (A. B. Smith, Jr.,* of counsel), for defendant.

KELLY, J. Plaintiff instituted suit in the superior court of Grand Rapids to recover damages for per-

sonal injuries sustained as a result of a fall on defendant's service station driveway.

About 6:45 a.m., January 9, 1959, plaintiff, Edith Draper, was walking to her place of employment at the Grand Rapids St. Mary's Hospital, in the company of 2 friends, when the accident occurred.

Defendant owns and operates a service station and car wash, located at the southwest corner of the intersection of Pleasant street and Division avenue, in Grand Rapids. The driveway which leads to the car wash faces Pleasant street and slopes upward from the sidewalk to the entrance, which is elevated approximately 3 inches over the level of the walk.

Plaintiff and her companions approached the service station and observed the operating lights of the station, indicating the service station was open. An automobile was parked across and blocked the sidewalk in front of the car wash. Plaintiff was on defendant's property and attempting to go around the front of the car that blocked the walk when she fell on a patch of ice approximately 2-1/2 to 6 inches thick, thereby injuring her arm.

Defendant testified he was unaware of plaintiff's presence on or near his property; that he knew nothing about the accident until later that evening; that he did not see an automobile parked across the sidewalk, and denied seeing ice on the entrance walk at any time on the day of the accident. On cross-examination defendant admitted that pedestrians have used his property as a short cut for years and, also, admitted that from past experience cars waiting to be washed parked across the sidewalk creating a condition that required the public to either walk on his property or in the street to pass.

The case was tried before the court without a jury and at the conclusion of proofs the trial court entered judgment for plaintiff in the amount of $1,250.

After an owner of land is aware of the presence of a trespasser or licensee, or, in the exercise of ordinary care, he should have known of their presence, he is bound to use ordinary care to prevent injury to them arising from active negligence. *Morrison* v. *Carpenter,* 179 Mich 207 (Ann Cas 1915D, 319); *Schmidt* v. *Michigan Coal & Mining Co.,* 159 Mich 308.

Members of the public in going across defendant's premises with defendant's knowledge and acquiescence were not trespassers, but licensees. See *Morrison* v. *Carpenter, supra.*

In *Polston* v. *S. S. Kresge Co.,* 324 Mich 575, we held that members of the public in using a 10-foot strip as a public sidewalk in front of defendant's leased premises, with the land possessor's knowledge, were not trespassers but licensees, and further stated (pp 580, 581):

"An examination of *Morrison* v. *Carpenter, supra; Habina* v. *Twin City General Electric Co.,* 150 Mich 41 (13 LRA NS 1126); *Douglas* v. *Bergland,* 216 Mich 380 (20 ALR 197); and *Hargreaves* v. *Deacon,* 25 Mich 1, *supra,* discloses that in considering the duty owed by the owner of premises to licensees, let alone trespassers, 'a different rule applies to the license to use a way or path which has been openly and notoriously held out to the public for use from a license to go upon premises generally' (*Douglas* v. *Bergland, supra*). *A logical basis for distinction is that a greater duty should rest upon the owner of premises to anticipate and look out for the presence of licensees on a commonly-travelled way or path than of licensees or trespassers on the premises generally.*" (Emphasis supplied.)

The record sustains the trial court's finding that:

"The defendant was guilty of active negligence in creating the condition of thick ice near the opening of his wash rack. I find that a reasonable explana-

tion for the existence of this patch of thick ice was that water flowed out of defendant's wash rack and froze on the ground near the entrance to the rack. The court also finds that the defendant, in opening and closing the wash rack door, would let the heat from the inside of his building outside, and this would probably melt any accumulations of snow around the edges of the door to the wash rack, which snow and water would freeze overnight, thus causing the thick patch of ice on which plaintiff fell. The plaintiff's sister testified that later in the day in question, she went to the defendant and explained the accident. That defendant then went to a nearby building, and got salt; and put it on the ice patch.

"The court finds that plaintiff was not guilty of contributory negligence in that she walked the way that looked the safest to her at the time, and she acted as a reasonably prudent person would in walking around the front end of the parked car."

Plaintiff has filed a cross-appeal contending the judgment was grossly inadequate. The trial judge found plaintiff's out-of-pocket losses amounted to $849.63. The court entered judgment for $1,250, including $400.37 for pain and suffering. While it appears that plaintiff has some limitation in movement of her arm as a result of the fracture she sustained, we cannot say, after a complete review of the record, that the amount of the judgment was unfair or that it would shock the judicial conscience. We do not reverse the trier of fact as to the amount permitted plaintiff to recover since we decide, as a matter of law, such amount is not inadequate. See *Teller* v. *George,* 361 Mich 118, and cases cited therein.

The judgment of the trial court is affirmed. Costs to appellee.

Carr, C. J., and Dethmers, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.