SCHULKE v KRAWCZAK

1. TRESPASS—REAL PROPERTY—NEGLIGENCE—PROPERTY OWNERS—
   STANDARD OF CARE—LICENSEES—TRESPASSERS—PRESENCE—
   AWARENESS—ACTIVE NEGLIGENCE.

   An owner of premises, after he is aware of the presence of
   trespassers or licensees, or if in the exercise of ordinary care he
   should have known of their presence, is bound to use ordinary
   care to prevent injury to them arising from active negligence.

2. JUDGMENT—JUDGMENT NOTWITHSTANDING VERDICT—NEGLIGENCE—
   ACTIVE NEGLIGENCE—STANDARD OF CARE—INSTRUCTIONS TO
   JURY—REASONABLE CARE—LICENSEES.

   Judgment notwithstanding a verdict for plaintiff in a negligence
   action was properly denied where the conduct of the defendant
   property owner was clearly active or affirmative negligence and
   the court correctly instructed the jury that defendant should be
   held to a standard of reasonable care to avoid injury to plain-
   tiff, a licensee upon the property.

Appeal from Alpena, Philip J. Glennie, J. Sub-
mitted June 5, 1975, at Lansing. (Docket No.
21189.) Decided July 22, 1975.

Complaint by Charles Schulke against Alfred
Krawczak for damages for personal injuries. Judg-
ment for plaintiff. Defendant appeals. Affirmed.

*John F. Kowalski,* for plaintiff.

*Robert G. Chaklos,* for defendant.

Before: BASHARA, P. J., and J. H. GILLIS and
M. F. CAVANAGH, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence § 38.
[2] 46 Am Jur 2d, Judgments §§ 118, 128.

M. F. Cavanagh, J. In the early evening of October 10, 1970, Charles Schulke, a resident of Long Lake Trailer Court which was owned by Alfred Krawczak, saw his landlord working in the landlord's backyard. Schulke went to this refrigerator, got two beers, and then went over to Krawczak to talk with him. During the course of the conversation Schulke was either requested or volunteered to help Krawczak lift the loading bucket of a tractor onto a dump truck.

In the process of moving the bucket one of the arms by which the bucket was affixed to the tractor struck Schulke and knocked him from the position he had assumed. Striking the ground, Schulke sustained various injuries to his arm and legs.

Schulke filed an action of negligence against Krawczak alleging that he had not used reasonable care in loading the bucket. At trial the defendant moved for a directed verdict following the close of the plaintiff's case. The trial court reserved its ruling on that motion. At the close of defendant's case defense counsel renewed his motion. Decision on the motion was again reserved. After a verdict was rendered for the plaintiff, defense counsel moved for a judgment notwithstanding the verdict, which was denied.

The defendant now argues before this Court that as a matter of law the plaintiff was a licensee and therefore the defendant was entitled to a jury instruction of a lesser standard of care. He contends that the court below should have entered a judgment notwithstanding the verdict since the plaintiff did not show that the conduct of the defendant was willful and wanton.

This argument misses the mark. The conduct involved here was clearly active or affirmative

negligence. See *Schmidt v Michigan Coal & Mining Co,* 159 Mich 308; 123 NW 1122 (1909), *Polston v S S Kresge Co,* 324 Mich 575; 37 NW2d 638 (1949), *Draper v Switous,* 370 Mich 468; 122 NW2d 698 (1963). The standard of care owed to a licensee where active negligence is involved has been stated as follows:

"The weight of authority would appear to be that after the owner of premises is aware of the presence of a trespasser, or licensee, or if in the exercise of ordinary care he should know of their presence, he is bound to use ordinary care to prevent injury to them arising from active negligence." *Schmidt v Michigan Coal & Mining Co,* 159 Mich 308, 311–312, quoted with approval in *Thomas v Consumers Power Co,* 58 Mich App 486; 228 NW2d 786 (1975).

Thus, the trial court's instruction to the jury to evaluate the conduct of the defendant in terms of reasonable care was correct since a finding that the plaintiff was a licensee, under the facts of this case, would not change the standard of care to be applied. Similarly, the denial by the trial court of the motion for a judgment notwithstanding the verdict was correct.

Affirmed. Costs to plaintiff.