REETZ v TIPIT, INC

Docket No. 81702. Submitted November 14, 1985, at Detroit. Decided
    January 24, 1986. Leave to appeal applied for.

Laura Reetz, a Detroit police officer, was injured at the Tipit
    Lounge when she fell through an open trapdoor in the floor
    while investigating a report of a breaking and entering. She
    filed a negligence action against Tipit, Inc., doing business as
    Tipit Lounge, in Wayne Circuit Court alleging that she was a
    business invitee while she was discharging her duties as a
    police officer in the Tipit Lounge and that defendant was
    negligent in failing to exercise reasonable care for her protec-
    tion, to warn her of any dangers of which defendant was aware
    or had created, to inspect its premises to discover possible
    dangerous conditions, and to take any precautions to protect
    plaintiff. Defendant moved for summary judgment, arguing
    that plaintiff was not a business invitee as she was a police
    officer in the discharge of her duties at the time of her injury.
    The court, Michael L. Stacey, J., granted defendant's motion for
    summary judgment, finding that plaintiff's status was that of a
    licensee and that defendant did not owe a duty of care as
    plaintiff alleged in her complaint. Plaintiff appealed. *Held:*

    1. The trial court correctly determined as a matter of law
    that, on the particular facts of this case, plaintiff was a li-
    censee, not an invitee, and that plaintiff's complaint failed to
    allege facts which would support a finding of liability to a
    licensee on the part of defendant.

    2. The trial court did not abuse its discretion by failing to
    grant plaintiff leave to amend her complaint to allege that she
    was a licensee. As alleged in her proposed amended complaint,
    the facts would not have supported a claim against defendant.
        Affirmed.

1. NEGLIGENCE — POSSESSORS OF LAND — DUTY.
    The duty a landowner or occupier owes to a visitor who is injured

REFERENCES
Am Jur 2d, Negligence §§ 77-81, 108, 119, 160, 187.
Am Jur 2d, Premises Liability §§ 39, 46, 74-86, 103, 213.
Liabilty of owner or occupant of premises to police officer coming
    thereon in discharge of officer's duty. 30 ALR4th 81.

while on the land or premises depends upon the status of the injured party at the time of the injury; three common-law status categories are recognized in Michigan for persons who enter upon the land or premises of another: (1) trespasser; (2) licensee; or (3) invitee.

2. NEGLIGENCE — POSSESSORS OF LAND — POLICE OFFICERS.

A police officer who enters the land of another in the exercise of a privilege conferred by law, independent of the consent of the possessor of the land, is treated, under most circumstances, as a licensee; however, when the officer enters upon a premises held open for the use of the public, at a time when the premises is open to the public, the officer will be considered an invitee, because the officer may reasonably assume that reasonable care has been used to prepare the premises for the reception of the public and to make it safe for the use of the public.

3. NEGLIGENCE — POSSESSORS OF LAND — LICENSEES.

A possessor of land is liable for physical harm caused to a licensee by a condition of the property only if the possessor knew or had reason to know of the condition, realized that an unreasonable risk of harm to the licensee was involved, expected that the licensee would not discover the danger, and failed to exercise reasonable care to make the condition safe or to warn the licensee of the condition and risk involved, and the licensee did not know or have reason to know of the condition and risk involved.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Michael F. Schmidt* and *Terry J. Pawlowski*), for plaintiffs.

*Holahan, Malloy, Maybaugh & Monnich* (by *J. Michael Malloy, III*), for defendant.

Before: BEASLEY, P.J., and V. J. BRENNAN and CYNAR, JJ.

PER CURIAM. The plaintiff filed a negligence action against the defendant, Tipit, Inc., doing business as Tipit Lounge, on July 22, 1983. The complaint alleged that the plaintiff was a police officer for the City of Detroit on Sunday, October 3, 1982. On that date, the plaintiff was summoned

to the Tipit Lounge in the City of Detroit to investigate a breaking and entering which had been reported. The plaintiff arrived at the Tipit Lounge at approximately 10:30 A.M. While in the interior of the lounge investigating the report, the plaintiff fell through an open trap door in the floor and landed approximately ten feet below on a concrete floor in the basement. The fall caused the injuries for which she brought suit.

In her complaint, the plaintiff alleged that she was a business invitee while she was discharging her duties as a police officer in the Tipit Lounge. The plaintiff further alleged that the defendant was negligent in failing to exercise reasonable care for her protection, to warn her of any dangers of which the defendant was aware or had created, to inspect its premises to discover possible dangerous conditions and to take any precautions to protect the plaintiff.

The defendant moved for summary judgment under both GCR 1963, 117.2(1) and 117.2(3) arguing that, as a matter of law, plaintiff was not a business invitee as she was a police officer in the discharge of her duties at the time of her injury. The trial court granted defendant's motion in an order dated September 17, 1984, after ruling that plaintiff's status was that of a licensee and the defendant did not owe a duty of care as plaintiff alleged in her complaint. In an order dated November 5, 1984, the trial court reaffirmed its prior ruling, denied plaintiff's motion for rehearing and denied plaintiff's request to amend her complaint. Plaintiff appeals from these orders as of right.

The first issue for our consideration is whether the trial court erred in its determination that plaintiff was a licensee on defendant's premises while acting in discharge of her duties as a police officer.

In Michigan, the courts have determined that the duty a landowner or occupier owes to a visitor who is injured while on the land or premises depends upon the status of the injured party at the time of the injury. *Leep v McComber,* 118 Mich App 653, 657; 325 NW2d 531 (1982), lv den 417 Mich 1005 (1983). Three common-law status categories are recognized in Michigan for persons who enter upon the land or premises of another: (1) trespasser; (2) licensee; or (3) invitee. See *Polston v S S Kresge Co,* 324 Mich 575; 37 NW2d 638 (1949). Michigan has not abandoned these common-law classifications.

Although Michigan has not addressed the question of the legal status of a police officer who enters upon the lands or premises of another in the performance of an officer's duties, half of our sister jurisdictions have decided the question without achieving any uniformity in the results reached. A large number of courts have treated police officers as licensees. Others have granted officers invitee status and a minority of the courts have created a special classification or status entitled "sui generis" rather than trying to fit an officer into the common-law classifications. Another minority trend has been to abandon the traditional status classifications and treat status as nondeterminative of any duty owed to a visitor. These courts have established a common duty of reasonable care to all visitors lawfully on the premises of another. See 30 ALR4th 81 (1984).

The Restatement Torts, 2d, § 345, describes the status of police officers who enter the land of another in the exercise of a privilege (conferred by law), independent of the consent of the possessor of the land. Under most circumstances, an officer is treated as a licensee. However, when the officer enters upon a premises held open for the use of

the public at a time when the premises is open to the public, the officer will be considered an invitee, because the officer "may reasonably assume that reasonable care has been used to prepare the land for the reception of the public, and to make it safe for them." Comment e to 2 Restatement Torts, 2d, § 345(2), p 229.

2 Restatement Torts, 2d, § 345, pp 226-227 states:

> (1) Except as stated in Subsection (2), the liability of a possessor of land to one who enters the land only in the exercise of a privilege, for either a public or a private purpose, and irrespective of the possessor's consent, is the same as the liability to a licensee.
>
> (2) The liability of a possessor of land to a public officer or employee who enters the land in the performance of his public duty, and suffers harm because of a condition of a part of the land held open to the public, is the same as the liability to an invitee.

Traditionally, both firemen and police officers "have been held to be mere licensees, entering under a privilege conferred by legal authority." Prosser & Keeton On Torts (5th ed), § 61, pp 429-430 (1984). Comment c to 2 Restatement Torts, 2d, § 345 clearly differentiates between public officers and employees such as building and safety inspectors who are accorded invitee status and firemen and police officers who are generally given only licensee status:

> c. The rule state in Subsection (1) applies where there is entry only under a privilege to enter, without any additional factors which may increase the obligation of the possessor to the visitor. Those who enter land in the exercise of a privilege conferred by authority of law, irrespective of the

possessor's consent, may have the status of invitees, as stated in § 332, if they come for a purpose directly or indirectly connected with the business of the possessor. In that event they are entitled to the greater protection afforded to invitees . . . . Thus a building, sanitary, or safety inspector who enters business premises to perform his public duty is an invitee, since his presence is closely connected with the business conducted there, and may even be indispensable to it. The same is true of public employees who enter a private residence for the purpose of some business with the possessor, as in the case of a garbage collector, or the reader of a city water meter. It is not necessary that the presence of the visitor be in any way of pecuniary advantage to the possessor, and a tax or customs collector who enters to perform his public duty is an invitee.

On the other hand firemen and policemen entering under authority of law, without any such element of business dealing, are commonly held by the courts to stand on the same footing as licensees. Occasionally they are called licensees; sometimes they are said to be sui generis, but on the same footing as licensees. One explanation for this lies in the fact that firemen and policemen are likely to enter at unforeseeable times, upon unusual parts of the premises, and under circumstances of emergency, where care in preparation for their visit cannot reasonably be expected; and they do not have the implied representation or assurance of such care which is the basis of the greater duty to an invitee. [Comment c to 2 Restatement Torts, 2d, § 345, pp 226-228.]

In *Nared v School District of Omaha,* 191 Neb 376; 215 NW2d 115 (1974), the Supreme Court of Nebraska followed 2 Restatement Torts, 2d, § 345 in holding that an officer who fell from a catwalk through a false ceiling, which was in an area not open to the public, while searching for juvenile intruders in a school, was a licensee on the defen-

dant's premises and not an invitee at the time of his injury. The court explained:

> Policemen and firemen who are privileged to enter premises in the course of their duties as public officers without reference to any express or implied invitation from the owner or occupier are in some jurisdictions held to be in the same class as a business invitee and in others to have the status of a licensee. 65 CJS, Negligence §§ 63(110), 63(111), pp 861, 865. This court has heretofore classified firemen as licensees. *Wax v Co-Operative Refinery Ass'n.*, 154 Neb 805; 49 NW2d 707; *New Omaha Thomson-Houston Electric Light Co v Anderson*, 73 Neb 84; 102 NW 89. Restatement, Torts 2d, § 345, p 226, classifies such persons generally as licensees, but gives them the status of invitees if they are on the premises for a public purpose and suffer harm because of a condition on a part of the premises held open to the public. The duty of the possessor of the premises to the public officer under these separate classifications is illustrated by the following examples taken from Restatement: "1. A is in possession of a building in which, on a back stairway not open to the public, there is a step which is dangerously defective. A and his employees do not know of the defect, but by the exercise of reasonable care could easily discover it. In the middle of the night a fire breaks out in the building, and B, a public fireman, comes to extinguish it. He ascends the stairway, and is injured by the collapse of the defective step. A is not liable to B . . . .
>
> "3. The same facts as in Illustration 1, except that A knows that the step is dangerously defective, is present when B arrives and starts to ascend the stair, and fails to warn B. A is subject to liability to B . . . .
>
> "5. A, a police officer, enters B's department store, which at the time is open to the public, to make an official inquiry concerning a former employee. On his way into the store he is injured by the collapse of the entrance steps. B does not know

of the defective condition of the steps, but by the exercise of reasonable care in inspection should have discovered it. A is an invitee, and B is subject to liability to him." Restatement, Torts 2d, § 345, pp 228, 229. [191 Neb 378-380.]

The *Nared* court also pointed out that § 345 does not make the officer's status depend upon either the means by which the officer is notified that his or her services are required or who requested the officer's assistance. The Restatement does not differentiate between an owner or occupier who requests an officer's services or a third party not connected with the premises.

When holding that the injured police officer was a licensee, the *Nared* court found no duty breached by the defendant, because there was no evidence that the defendant knew of the condition of the loose board on the catwalk (above the false ceiling) upon which the officer searched for the intruders and there was no evidence that the defendant had any opportunity to warn of the condition. Furthermore, "[n]o agent or employee of the defendant was present on the premises when the accident occurred. It cannot be said that the defendant had any reason to anticipate the presence of the plaintiff in the area." 191 Neb 381.

We find that 2 Restatement Torts, 2d, § 345, pp 226-227, accurately reflects the law and we adopt it for the State of Michigan. In the instant case, the plaintiff officer was informed by a third party that an intruder was on defendant's premises. Defendant's premises was closed (for vacation) to the public at the time.

The plaintiff officer was injured during the course of her duties by falling through an open trap door. Plaintiff was a licensee and not an invitee. Therefore, the trial court correctly determined

as a matter of law that, on the particular facts of this case, plaintiff was a licensee and not an invitee.

We have reviewed plaintiff's remaining claim that the trial court abused its discretion by failing to grant plaintiff leave to amend her complaint to allege that she was a licensee. There was no abuse of discretion.

In *Preston v Sleziak*, 383 Mich 442, 453; 175 NW2d 759 (1970), the Michigan Supreme Court set forth the duty which occupiers of land owe to licensees:

> The duty which occupiers of land owe their licensees is best expressed by 2 Restatement of Torts (2d), § 342, p 210:
>
> "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
> "(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>
> "(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> "(c) the licensees to do not know or have reason to know of the condition and the risk involved."

The record does not substantiate plaintiff's claim that there were disputed facts on the issue of defendant's duties. As alleged in her proposed amended complaint, the facts pled would not have supported a claim against defendant.

Affirmed.