EMERY MALLOCK *vs.* PHILANDER DERBY & others.

Suffolk. December 15, 1905. — January 4, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence*, Invitation to enter premises.

In an action by a teamster against the proprietor of a chair factory for injuries from falling through an open scuttle in a passageway on the second floor of the defendant's factory, it appeared that the plaintiff's employer had a contract to cart and deliver the defendant's goods, that the plaintiff was accustomed to go to the defendant's office on the ground floor of the factory and there inquire for the shipper, John, to find out whether there were any goods to be taken, that if the shipper was not there the foreman or the manager often would tell him that he would have to see John, and sometimes would say he was upstairs, whereupon the plaintiff would go upstairs to see the shipper unless he came down before the plaintiff went up, that on the day of the accident the plaintiff at such a suggestion of the manager went upstairs in search of John, fell through the open scuttle in the passageway, and was injured. The defendant contended that the plaintiff in going into the second story of the defendant's building was a trespasser or a mere licensee, and so was not entitled to recover. *Held*, that whether there was an invitation to the plaintiff from the defendant's manager to go to the second story and the plaintiff accordingly was justified in going there, was a question of fact for the jury.

SHELDON, J. The only question raised by this report is whether the jury had a right to find that the plaintiff went to the second story of the defendants' building by the invitation of the defendants express or implied. The defendants' building was a chair factory, four or more stories in height, with an office on the first floor, the upper floors being used for the storage of chairs and for manufacturing. There was evidence that one Kennedy, an expressman, had a contract with the defendants to cart and deliver their goods, and was accustomed to send the plaintiff, who was one of his drivers, to this factory to call for goods. The plaintiff testified that he had been accustomed, when so sent, to go to the defendants' office and inquire for their shipper John Black to see if there were any goods to be taken; that if Black was not there, he would ask the foreman if there was anything going, and the foreman would either tell him or say that he would have to see John, the shipper, and sometimes would say, " He is upstairs "; whereupon the plaintiff would go upstairs and see him, if the shipper did not come down before there was time to go up; that sometimes one Reed, the defendants' superintendent or manager, told him to see John; that when he asked Reed where John was, Reed would say he was upstairs, or send the plaintiff to some other part of the building; that he meant that Reed would tell him the direction where John would be, and he would go and find him; that the goods he was to take were delivered to him from the first floor, and he received them outside and took them on his wagon. He further testified that on this occasion he was sent by Kennedy to the defendants' factory for goods; that he went to the office and asked if anything was going out, and Reed said, "I cannot tell you; you will have to see John"; that the plaintiff asked, " Where is John ? " and Reed answered, " He is upstairs "; that the plaintiff said " All right," and went upstairs, and there shouted for John, and while going in the direction from which he thought he heard an answering voice, he fell through an open scuttle in the passageway, and received the injuries complained of.

The defendants asked the judge to rule that this language and testimony, if believed, would not constitute a sufficient invitation and authority to the plaintiff to go to the second story, and that

he could not recover. The judge refused this request, and submitted to the jury the question whether upon all the evidence, there was an invitation to the plaintiff to go to the second story, and whether he was justified in going there, and gave instructions as to all the issues in the case not objected to ; and also ruled without objection from either party that the jury had the right to consider the meaning of the language used between Mallock and Reed in the light of what had been done before by Mallock during the time Kennedy had the business, with the knowledge of the defendants or some one in authority for them. The jury found for the plaintiff ; and the judge has reported the case to this court, with the stipulation that if the ruling asked for by the defendants should have been given, the verdict is to be set aside and judgment entered for the defendants ; otherwise judgment is to be entered upon the verdict.

It is true that unless the plaintiff went into the second story of the defendants' building by their invitation, if he was either a trespasser or merely a licensee, he cannot recover. *Reardon* v. *Thompson*, 149 Mass. 267, and cases there cited. But it seems plain to us that upon this evidence the jury might find that he went upstairs at the suggestion and invitation of the defendants' manager ; that he had a right, under the circumstances and in view of what had been done and said between them on previous occasions, to regard what Reed said to him as a request to him to go upstairs and see the shipper ; that when Reed said, " You will have to see John," and " He is upstairs," he was entitled to treat this as an invitation and direction to him to go where the shipper was said to be, and where he had found him on previous occasions. *Chenery* v. *Fitchburg Railroad*, 160 Mass. 211. *Gordon* v. *Cummings*, 152 Mass. 513. *Clark* v. *Boston & Maine Railroad*, 164 Mass. 434, 439. *Johanson* v. *Boston & Maine Railroad*, 153 Mass. 57, 60.

According to the terms of the report, there must be

*Judgment on the verdict.*

*C. F. Eldredge*, (*S. A. Fuller* with him,) for the plaintiff.

*W. B. Sprout*, ( *C. S. Knowles* with him,) for the defendants.