ELIZABETH COMEAU *vs.* LEONINE ROSE COMEAU.

Suffolk.    April 4, 1933. — March 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Of one owning or controlling real estate, Toward social guest, Licensee. *Words,* "Invitor," "Invitee," "Beneficial."

One who goes to premises at the invitation of the occupant thereof to visit him for mere social purposes, as distinguished from purposes in which the host has a material interest of a business or commercial nature, is a mere licensee and cannot hold the host liable for personal injuries caused by a defect in the premises, not in the nature of a trap, resulting from simple negligence of the host in failing to keep them in repair.

TORT. Writ in the East Boston District Court dated January 22, 1932.

The action was heard in the District Court by *Lane,* J., who found for the plaintiff in the sum of $400 and reported the action to the Appellate Division for the Northern District upon an agreed statement of facts. The finding was ordered vacated and judgment for the defendant was ordered entered. The plaintiff appealed. Material facts are stated in the opinion.

The case was submitted on briefs.

*H. Goldberg,* for the plaintiff.

*W. Rosnosky,* for the defendant.

RUGG, C.J. The plaintiff seeks by this action of tort to recover compensation for injuries received by her on property owned and occupied by the defendant. The case was reported by the trial judge to the Appellate Division for determination on an agreed statement of facts in accordance with St. 1931, c. 325, §§ 1 and 2. (See St. 1931, c. 426, §§ 116, 119. See now G. L. [Ter. Ed.] c. 231, § 108, lines 70 to 74 inclusive.) Thus it appears that the plaintiff, in the exercise of due care, while passing from the street to the dwelling of the defendant on an "outstanding and implied invitation to visit" her "for social purposes on the date in question"

was caused injuries by broken concrete in the passageway owned by the defendant, which had been in the same condition for many years through her negligence to keep it in a safe condition for such use. The stated issue is whether the plaintiff must establish gross negligence in order to recover. Finding was made for the plaintiff in the sum of $400. It was stipulated by the parties that, if the plaintiff is required to establish gross negligence, finding is to be entered in favor of the defendant; otherwise, finding for the sum stated is to be entered in favor of the plaintiff. In the Appellate Division the finding for the plaintiff was vacated and judgment ordered in favor of the defendant. The appeal of the plaintiff brings the case here.

The question is whether a social guest may recover damages for injuries caused by ordinary negligence of the host in the care of the home, or whether something more, termed for convenience gross negligence, must be established as a basis of liability. For the distinction between ordinary negligence and gross negligence see *Altman* v. *Aronson*, 231 Mass. 588. There is nothing in the present record to indicate that the condition of the concrete passageway involved an unreasonable risk and was not readily discoverable and avoidable by one using the passageway with reasonable circumspection.

Allusion to this question has been made in several of our cases, but it has never been decided. In *Plummer* v. *Dill*, 156 Mass. 426, 427, the court said, speaking through Knowlton, J.: "It is held in England that one who comes on an express invitation to enjoy hospitality as a guest must take the house as he finds it; and that his right to recover for an injury growing out of dangers on the premises is no greater than that of a mere licensee. *Southcote* v. *Stanley*, 1 H. & N. 247. The principle . . . seems to be that a guest, who is receiving the gratuitous favors of another, has no such relation to him as to create a duty to make the place where hospitality is tendered safer or better than it is." This language was used in reaching the conclusion that a plaintiff visiting a building of the defendant in search of a servant could not recover for injuries caused by the defective condi-

tion of the building because she did not go there for the transaction of business for which the building was used or designed, or with any tenant engaged in the occupation of furnishing servants. By the same reasoning it was held in *Hart* v. *Cole*, 156 Mass. 475, 477, that one attending a wake as one of the general public stood no better than a mere licensee and could not recover for personal injuries sustained by the defective condition of the approach to the premises. It was there said at page 478, quoting with approval from Campbell on Negligence: "The guest must take the premises as he finds them, with any risk owing to their disrepair; although the host is bound to warn his guest of any concealed danger upon the premises known to himself." In *West* v. *Poor*, 196 Mass. 183, 185, is a strong implication that an invited guest whose enjoyment is promoted by the host is entitled only to the rights of a licensee so far as concerns the conditions of the premises. Other decisions in England more recent than that of *Southcote* v. *Stanley*, 1 H. & N. 247, support the conclusion that an ordinary guest in a dwelling house has no greater rights with respect to the condition of the premises than a licensee. *Indermaur* v. *Dames*, L. R. 1 C. P. 274. *Tolhausen* v. *Davies*, 57 L. J. Q. B. 392.

There are several well considered decisions in courts of other jurisdictions reaching the conclusion that, where a guest is invited to come upon the premises of his host for social or benevolent purposes, the relation created is not that of invitee and invitor in a business sense but that of licensee or licensor. In such circumstances the host as licensor is held to be under no liability unless the proximate cause of injury to the guest is something in the nature of a trap or active negligence. *Greenfield* v. *Miller*, 173 Wis. 184. *Mitchell* v. *Raymond*, 181 Wis. 591, 599. *Morril* v. *Morril*, 104 N. J. Law, 557. *Pearson* v. *Mallory Steamship Co.* 278 Fed. Rep. 175. So far as we are aware there are no decisions to the contrary.

After full discussion and mature deliberation, with exhaustive review of the authorities, this court speaking through Loring, J. held in *Massaletti* v. *Fitzroy*, 228 Mass.

487, that a guest riding gratuitously in the motor vehicle
of the defendant at his invitation could not recover com-
pensation for personal injuries caused by its negligent opera-
tion, but must establish gross negligence in its operation
in order to prevail. That decision, in our opinion, governs
the case at bar in principle. There would be an incon-
gruity in holding the guest and host in the case at bar to
the strict rules of negligence based on commercial relations
and in holding that the same relation when applied to a
guest and host in an automobile gives rise to liability only
when the defendant is grossly negligent. It was stated in
*Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515,
518–519, that the law is "settled that one rightfully upon
the premises of another for purposes in which the owner
or occupant has no beneficial interest takes the premises
as he finds them, and has no claim to any duty of the pos-
sessor to him with reference to their condition beyond
a duty not wantonly and wilfully to inflict injury upon
him. One rightfully on the premises of another for pur-
poses in which the possessor has a beneficial interest has
a right to claim as a duty owed to him that reasonable
care shall be used to furnish premises in a safe condition
to admit the carrying out of the common purpose." "Bene-
ficial" in this connection has a business or commercial
significance and does not comprise those intangible advan-
tages arising from mere social intercourse.

The words "invitor" and "invitee" have been used often
in the discussion of actions for negligence where the plain-
tiff resorts to premises of the defendant used for the trans-
action of business. The defence is frequently interposed
that the plaintiff is a licensee and not an invitee with re-
spect to the purpose or intent which causes him to be upon
the premises of the defendant. Thus it has become com-
mon to state the test of the right to recover in actions of
negligence to be that an invitee may, and a licensee may
not, prevail provided other essential elements of the plain-
tiff's case are made out. In the case of such an invitor
and invitee, there must be some benefit to the former to
render him liable for failure to exercise ordinary care, or

some mutuality of business interest. The words "invitor" and "invitee" in that sense, however, are not pertinent to the underlying principles which govern the relations of guest and host. These relations are not commercial. They do not rest upon conceptions of advantage or disadvantage arising out of contract, or trade, or anticipated material advantages to one or the other. They are dependent upon social considerations. The guest for the time being becomes a member of the family of the host, entitled to the protections thrown about the household. He cannot at the same time stand upon the strictly business rights of one engaging in commercial transactions.

The principle to be deduced from our own decisions and those of other jurisdictions, and resting upon sound reason as well as upon authority, in our opinion may be stated as follows: A guest enjoying by invitation unrecompensed hospitality at the house of another must be presumed to accept such generous entertainment with an understanding that he accommodates himself to the conditions of his host. He cannot ask for better things than the latter possesses. It is difficult to import into such relationship a duty on the part of the host to make improvements or reconstructions because thereby his home may be more convenient or more safe for those accepting his gratuitous hospitality. The guest must accept the premises as he finds them.

The cases upon which the plaintiff relies do not call for a different conclusion. In *Davis* v. *Central Congregational Society,* 129 Mass. 367, it was decided that the defendant society was liable to the plaintiff, invited to attend a conference in its church at which she was not a delegate, for injuries suffered by her through a dangerous condition in the path leading to the church upon a finding that the defendant was negligent in the matter. The authority of that case has been much shaken by subsequent decisions. *Plummer* v. *Dill,* 156 Mass. 426. *Hart* v. *Cole,* 156 Mass. 475. *Massaletti* v. *Fitzroy,* 228 Mass. 487, 507–508. It can no longer be regarded as an authority that a charity can be held to the liability in the circumstances there disclosed. *Farrigan* v. *Pevear,* 193 Mass. 147, 149. *Glaser* v. *Congregation Kehillath*

*Israel,* 263 Mass. 435, 438–439. In any event, what was there said ought not in our opinion to be extended to the facts of the case at bar.

It is not necessary to review further the decisions cited by the plaintiff. They are for the most part cases where the plaintiff was a customer or in the position of a customer, *Jacobsen* v. *Simons,* 217 Mass. 194; *Pope* v. *Willow Garages Inc.* 274 Mass. 440, or was rightfully using a common stairway in the control of a landlord, *Coupe* v. *Platt,* 172 Mass. 458; *Goldsmith* v. *Ricles,* 272 Mass. 391, or where for other reasons, *Rice* v. *Rosenberg,* 266 Mass. 520; *Magay* v. *L. K. Liggett Co.* 257 Mass. 244, the contention of the plaintiff is not supported. They have all been examined.

There was evidence of ordinary negligence but of no other or greater culpability. Therefore the plaintiff cannot prevail.

*Order of Appellate Division affirmed.*