Pbtttngell, J.
Action of tort for personal injuries. In the district court there was a finding for the defendant. The plaintiff brought the case to the Appellate Division, claiming error in the denial of certain rulings requested by the plaintiff and in the granting of other rulings requested by the defendant. The Appellate Division dismissed the report on the ground that error could not be found in the disposition of the rulings requested because the report did not state that it contained all the material evidence.
Before judgment was entered in the District Court for the defendant, the plaintiff filed a motion to have the report recommitted to the District Court for “amplification, correction or other amendment”. This motion was allowed in *2 the. Appellate Division. The trial judge thereupon amended the report by adding a statement that it contained all the evidence material to the questions reported, and by making two additional findings of fact on issues pointed out in the Appellate Division opinion as not covered by findings of fact appearing in the original report. These additional findings of fact were made over the plaintiff’s objection; the plaintiff, however, has not, by any form of procedure, attempted to raise in the Appellate Division a claim of error on this ground.
The rulings requested by the plaintiff and denied are six in number. They are as follows:
1. Upon all the evidence the plaintiff is entitled to recover because the defendant was guilty of negligence, and the defendant has not sustained the burden of showing that the plaintiff was guilty of contributory • negligence. 2. There is evidence upon which the Court could properly find that the defendant was negligent. 3. There is evidence upon which the Court could properly find that the defendant has not sustained the burden of .showing that the plaintiff was guilty of contributory negligence. 4. There is evidence upon which the Court could properly find that the plaintiff was not guilty of contributory negligence. 5. The defendant has not .sustained the burden of showing that the plaintiff was guilty of contributory negligence. 6. The plaintiff has sustained the burden of showing that the defendant was negligent.
The rulings requested by the defendant and given are seven in number. The plaintiff, at the oral argument, waived his claim of error as to two' of these, the third and fourth, and now relies for error on the giving of the following five requests.
*3 1. The evidence does not warrant a finding for the plaintiff. 2. There is not sufficient evidence of negligence on the part of the defendant to warrant a finding for the plaintiff. 5. The evidence warrants a finding that the plaintiff was not in the exercise of due care or that the plaintiff voluntarily assumed the risk of injury. 6. The plaintiff was merely a licensee on the hoist. 7. A licensee can only recover for wanton, willful and reckless misconduct.
There is almost no controversy on the facts. The parties agree that the plaintiff in his automobile went to the defendant’s gasoline and greasing station to have the springs of his car sprayed. The defendant’s employee directed the plaintiff to drive the car on the lift which, by hydraulic pressure, raises the car into the air. After the car was on the lift, but before the lift was operated, the employee noticed that a gasoline customer had driven in for service and asked the plaintiff to be allowed to serve him. The plaintiff consented and while the employee was serving the other customer, busied himself with cleaning the windshield of his ear, standing on the right hand running board. The lift with the car on it was then resting on the floor.
The employee came back and in effect said to the plaintiff, “are you going for a ride?” The plaintiff answered, “Yes, I’ve got to go to Worcester”. Without anything further being said or done, the employee started the machinery which worked the lift, and the lift, with the car on it, rose slowly into the air. It required about two minutes to raise it to a height of approximately three and a half feet. The plaintiff still remained on the running board.
The operation of lifting the car causes a slight noise. There was evidence that the plaintiff heard no noise and felt no vibration as the lift went up. The trial judge so found. He found, also, that at no time did the plaintiff know that the lift was going up. There was evidence to warrant such a finding.
*4 The trial judge found specifically that the defendant’s employee was not negligent, that there was m> defect in the lift, that being on the lift when it was going up was not in itself dangerous, and that the plaintiff was contributorily negligent.
The issue before the appellate division is whether there was prejudicial error in the denial of the plaintiff’s requested rulings that the evidence warranted findings of negligence and of absence of contributory negligence.
Negligence and contributory negligence are usually issues of fact. McSorley v. Risdon, 278 Mass. 415, at 416. Castano v. Leone, 278 Mass. 429, at 431. Asbapa v. Reed, 280 Mass. 514, at 516, 517. Sylvester v. Shea, 280 Mass. 508, at 509. Topjiam v. Boston Casing Co. Inc., 288 Mass. 167, at 169. Crowley v. Freeman, 291 Mass. 105, at 106. Weiner v. Egleston Amusement Co., 293 Mass. 83, at 86. We see nothing in this case which required the trial judge to rule, as matter of law, that the plaintiff was not contributorily negligent or that the defendant was negligent.
The plaintiff had gone to the defendant’s premises for a definite purpose. The work that he intended to have done called for the raising of the car on the lift. He drove the car on the lift realizing that the lift would have to be raised. While he waited for the defendant’s employee to return, after waiting on the gasoline customer, the plaintiff busied himself by cleaning his windshield. Whether the return of the employee was sufficient notice to him that the car was about to be raised was a question of fact.
The lift went up, taking the automobile and the plaintiff with it. The trial judge found that riding up thus on the lift involved no danger. The plaintiff was never in a dangerous position. By maintaining a firm hold on the auto *5 mobile he could have moved back and forth on it safely, could have entered the automobile, could have safely seated himself in it, and could have gotten down safely from the lift without danger of injury. He did none of these things but, instead, inadvertently stepped off the running board not realizing that the lift had been raised, and that he was up in the air. There is nothing to show that his lack of knowledge was due to any deficiency of his senses, or that he was lacking in vision or hearing. It can be explained only on the ground of inadvertence, a failure to note the change of position of the lift, and to observe that he had been raised above the floor. Inadvertence is a factor in contributory negligence. Cheney v. Middlesex Company, 161 Mass. 296, at 297. Wilson v. Massachusetts Cotton Mills, 169 Mass. 67, at 71. Gaudet v. Stansfield, 182 Mass. 451, at 453. The degree of perception and attentiveness required of one who is acting reasonably and prudently is discussed in the Restatement of the Law of Torts, Vol. II, Section 289, pages 765 to 768. The matter discussed in these pages well illustrates the questions of fact which enter into the determination of the issues of negligence or contributory negligence in a case such as this.
In the same manner, whether or not the defendant’s employee was negligent, remains a question of fact. The plaintiff argues that there was a duty to warn the plaintiff. That duty, however, is a qualified one, qualified by various possible attendant circumstances. The plaintiff’s contention is based upon the theory that the defendant’s act placed the plaintiff in a dangerous position. The trial judge found otherwise, finding specifically that raising the lift with the plaintiff on it did not of itself create a danger for the plaintiff. Assuming, however, that it did put the plain *6 tiff in a dangerous position, the duty upon the defendant to warn is affected and modified by other facts, many of which are absent from this case.
“It is not enough that the defendant should see the plaintiff in a position which would be dangerous were the plaintiff not aware of what is going on. The defendant must also realize or have reason to realize that the plaintiff is inattentive and, therefore, is in peril. The defendant is entitled to assume that the plaintiff is paying or will pay reasonable attention to his surroundings ; until he has reason to suspect the contrary, he has no reason to believe that the plaintiff is in any danger. Therefore, the defendant is liable only if he realizes or has reason to realize that the plaintiff is inattentive and consequently in peril.” Restatement of the law of Torts, Vol. II, Section 480, pages 1257 to 1260:
In the case at bar there is no evidence which discloses any notice to the defendant’s employee, that the plaintiff was so inattentive to his surroundings that he was likely to step from a place of comparative safety into open space. Nothing appears which caused or should have caused the employee to realize that the plaintiff was so inattentive to his sur.roundings that injury to him was imminent. It was not a case where the plaintiff was in a place of danger; what happened was that, because of inattention, the plaintiff stepped from safety to injury. Nothing appears which should have caused the employee to realize that the plaintiff was in such a mental state that he was likely so to act.
So many questions of fact enter into the determination of these issues of contributory negligence and negligence, that we cannot accept the plaintiff’s contention that the trial judge was compelled to decide the issues as matter of law. In our opinion they were wholly questions of fact, involving many subsidiary questions of fact which are material in reaching a decision of the main issues.
*7 The defendant requested a ruling, the sixth, that “The plaintiff was merely a licensee on the hoist”, and another the seventh, “A licensee can only recover for wanton, willful and reckless misconduct”. The trial judge granted both requests without comment. It is obvious that the sixth request was actually a request for a finding of fact. Whether or not one injured on the premises of another is at the time of the injury a trespasser, Gilbert v. Nagle, 118 Mass. 278; or a licensee, Royal Indemnity Co. v. Pittsfield Electric Co., 293 Mass. 4, at 7; or an invitee, Mallock v. Derby, 190 Mass. 208, at 210; Palmer v. Boston Penny Savings Bank, 301 Mass. 540, at 543, McNamara v. MacLean, Mass. Adv. Sh. (1939) 405. Although the plaintiff entered the defendant’s premises as an invitee, there is nothing which tends to show that he was invited to ride on the lift. As to that part of his visit to the premises, he could be found to be a licensee, to whom no duty was owed except to refrain from wilful, wanton and reckless conduct. Prondecka v. Turners Falls Power & Electric Co., 238 Mass. 239, at 242. Davis v. New York, New Haven & Hartford Railroad, 272 Mass. 217, at 220. Coulombe v. Horne Coal Co., 275 Mass. 226, at 230;
Even assuming that the trial judge was in error in granting the sixth and seventh rulings requested by the defendant, the plaintiff has no valid claim of prejudicial error. It nowhere appears that the trial judge in any way decided the case upon the theory that the plaintiff was a licensee and that the duty owed by the defendant was to refrain from wilful, wanton and reckless conduct. He specifically found that the defendant’s employee was not negligent and that the plaintiff was, and that “the plaintiff’s own negligence contributed to and caused his injuries”.
*8 If the plaintiff was a licensee, there can be no recovery without proof of a lack of care greater than either negligence or gross negligence. There is nothing in the report which shows a breach of the duty owed an invitee, much less a breach of the less exacting duty owed a licensee.
The general finding for the defendant imported a subsidiary finding that there was no wilful, wanton and reckless conduct on the part of the defendant’s employee. All subsidiary findings necessary to the result reached are so imported. Gerard v. Hosmer, 285 Mass. 259, at 265. Dolham v. Peterson, 297 Mass. 479, at 481.
The plaintiff further contends that there is an inconsistency between the finding that the plaintiff was a licensee and the finding that the defendant was not negligent and therefore not liable. The answer is that the plaintiff has no standing to raise that issue at this time because it does not appear that, by motion or otherwise, he ever called the inconsistency to the attention of the trial judge, who might then have corrected the situation, Duralith Corp. v. Leonard, 274 Mass. 397, at 401. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 324. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, at 318. Furthermore, when the evidence is considered carefully, it is difficult to see how a finding of wilful, wanton and reckless conduct could have been made.
The remaining claim of error arises from the disposition by the trial judge of those rulings requested which deal with the sufficiency of the evidence to warrant indicated findings. The plaintiff contends that the trial judge erred in not dealing strictly with these requests by giving those to which the plaintiff on the face of the evidence was entitled, or by not adequately specifying his reasons, for not granting the requests. In other words, he places the case *9 within the scope of the language of the court in Bresnick v. Heath, 292 Mass. 293, at 298. See Goyette v. Amor, 294 Mass. 355, at 357, 358. In our opinion, the full and detailed finding of the trial judge, his subsidiary findings of fact, and his extended discussion of the evidence, demonstrate that he carefully considered and weighed the evidence and decided the case, not upon the rulings requested and granted or denied, but upon his study and analysis of all the evidence. We therefore, are of opinion that the case is governed by Strong v. Haverhill Electric Co., 299 Mass. 455, at 456, and Marquis v. Messier, Mass. Adv. Sh. (1939) 1385, at 1386, 1387. See, also, Himmelfarb v. Novadene Agene Corp., Mass. Adv. Sh. (1940) 499, at 500, 501.
No prejudicial error appearing, the report is to be dismissed.