JAMES E. HOWARD v. GEORGE L. SMITH

SUPERIOR COURT        NEW HAVEN COUNTY        FILE NO. 71536

Memorandum filed January 4, 1951.

---

*Pouzzner, Hadden, Kopkind & Hadden,* of New Haven, for the Plaintiff.

*David E. FitzGerald, Jr.,* of New Haven, for the Defendant.

ALCORN, J.  The plaintiff in this action was concededly a social guest at the defendant's house at the time he sustained the personal injury for which he sought to recover damages. The

basis of this motion is the claim that the charge was erroneous in that it gave the jury, as the principles of law applicable to their verdict, those which would accord the plaintiff a status common-ly referred to as an invitee rather than a licensee.

The status of a social guest of a landowner has never been defined by the Supreme Court of Errors. The closest approach to the present situation seems to be in *Deacy* v. *McDonnell,* 131 Conn. 101, which involved injury to a social guest of an em-ployee of the defendants. There the trial court concluded that the plaintiff was an invitee as to the defendants but its ultimate conclusion was sustained without deciding that element of the case.

The Superior Court decision that a social guest has the status of a licensee found in *Gudwin* v. *Gudwin,* 14 Conn. Sup. 147, is based upon facts much more persuasive of that conclusion than those found in the present case. In the *Gudwin* case the plain-tiff in an impelling sense had been a member of the defendant's household for an appreciable interval, whereas the present plain-tiff had dropped in for a social evening.

Those decisions, as well as the rule stated in Restatement, 2 Torts § 331, and in *Comeau* v. *Comeau,* 285 Mass. 578, re-ceived as careful consideration as time permitted before the charge was given. Further deliberation upon the subject in con-nection with this motion prompts no deviation from the conclu-sion reached preparatory to the charge.

The status of "gratuitous licensee" accorded to a social guest by the Restatement is a classification unknown to our law, which speaks only of a "licensee." The definition in the Restatement appears to follow the Massachusetts court's decision in *Comeau* v. *Comeau,* supra. It seems logical to consider that, in Massa-chusetts, the standard of care owed to a guest in an automobile is such that in order to recover from the owner for personal in-jury more than ordinary negligence must be proved. The Massa-chusetts court therefore is following a consistent pattern in giv-ing the guest of a landowner a licensee status with the extra burden incident to a recovery for injury.

Our own law, however, allows the guest in an automobile to recover for ordinary negligence. No reason appears, nor can counsel suggest any, for placing the guest in a landowner's house in any different position than the guest in the landowner's auto-mobile. Yet if the guest in the house is defined as a licensee he

cannot command of his host the same duty of care that he could insist upon if he were riding in his host's automobile. In the interest of consistency our law would seem to require that the social guest of a landowner be given the status of an invitee.

The motion to set aside the verdict is denied.