William B. Brennan, Jr., J.
Both sides in this negligence action move for summary judgment. The defendants, husband and wife, own a one-family house in Valley Stream. The female plaintiff was a visitor to this home on January 16,1958 at about 3 o’clock in the afternoon. As she was leaving the premises, within the hour, she was caused to fall and sustain injuries. It is her contention that a defective metal stripping on the exit door caused her to catch her foot and that she was thereby precipitated to the floor of the foyer sustaining, among other injuries, a fractured toe.
The defendant asserts that the female plaintiff was a social visitor and that no business of any kind or nature was associated with the visit. This is admitted by the injured plaintiff who testified on her examination before trial that Mrs. Ladd was a friend of hers and that this was in fact a social visit. The bald statement now made by plaintiff’s attorney that said plaintiff does not concede that she was a social visitor is not only not a denial of the fact, but is directly contradicted by his client’s testimony.
*737 The female defendant in the course of examination before trial testified that the stripping kept coming loose and that she kept fixing it and that it had been that way for a few months. In more specific detail she testified that about a month prior to the accident she had gotten herself caught in the stripping and had ripped her stockings and “ That’s how I came to notice it was loose and I tried fixing it myself.”
The rules of law applicable to the facts in this case have recently been concisely recited in Krause v. Alper (4 N Y 2d 518, 520):
‘1 Repeated decisions of this court have approved the principle of law that a social guest is viewed in the eyes of the law not as an invitee but as a licensee despite the fact that such person was on the premises pursuant to an invitation from one in possession (Higgins v. Mason, 255 N. Y. 104; Wilder v. Ayers, 2 A D 2d 354, affd. 3 N Y 2d 725; Traub v. Liekefet, 2 A D 2d 22, affd. 4 N Y 2d 747; see, also, Comeau v. Comeau, 285 Mass. 578, 581, 582; Prosser on Torts [2d ed. 1955], § 77, pp. 445, 446, 447; Restatement, Torts, § 331, comment a, subd. 3).
* * *
‘ ‘ In other words, a social guest, having the status of a licensee, must take the premises as he finds them, and he is entitled to no greater protection than the members of the family. ’ ’
See, also, Wilder v. Ayers (2 A D 2d 354, affd. 3 N Y 2d 725), where the court pointed out that (pp. 355-356): “ To a licensee the owner owes no greater duty than to avoid the maintenance of traps, hidden dangers, or wanton and reckless conduct to which the licensee may be exposed, unless the latter is first warned.” The Appellate Division there also pointed out, at page 356, that 1 ‘ It has frequently been said that a licensee, such as a social guest, takes the premises as he finds them and that he is entitled to no greater protection than a member of the owner’s household.”
Consequently, the only duty owed by the defendants to the plaintiff herein was a duty to exercise reasonable care to disclose dangerous defects known to the defendants and not likely to be discovered by the plaintiff. (Bernal v. Baptist Fresh Air Home Soc., 275 App. Div. 88, 96, affd. 300 N. Y. 486, cited and quoted in Krause, supra, p. 521.)
The extent to which the foregoing doctrines are carried is exemplified by Gross v. Lewis (5 N Y 2d 884). In that case, a guest, leaving the premises through the entrance door, walked along a stone porch which led to five steps going down to a sidewalk. As she came to the third step, her right foot caught *738 in a drainpipe against the wall, causing her to lose her balance and fall. The drainpipe led from the top of the building into the steps and jutted out about six inches from the wall. Two months before the accident, the outside porch and stairway had been repaired by the owners. The drainpipe was not moved. The trial court had submitted the case to the jury under instructions that the plaintiff was a licensee who took the premises as she found them, and that, if they found that the condition constituted a trap, then defendants might be liable for failing to warn plaintiff of the existence of the condition. A judgment for the plaintiff having been affirmed in the Appellate Division, a further appeal was taken to the Court of Appeals, where the defendants contended that as a matter of law, since the drainpipe was visible and was not a hidden danger, it could not constitute a trap and there was therefore no legal basis for submitting the case to the jury. The Court of Appeals reversed the judgment and dismissed the complaint, holding that the plaintiff had failed to establish actionable negligence as a matter of law.
There can be no question that the metal strip forming part of the door in the defendants’ premises in the case at bar was less of a hazard and more within the possible observation of the injured plaintiff than was the drainpipe in the Gross case. The injured plaintiff in this case testified that she had not observed any condition before opening the door. It is sufficient to note that the stripping was on the interior of the door which opened inward and was in the foyer which was lighted, and that since it was visible, it could not constitute a trap (cf. Gross v. Lewis, supra).
In Roth v. Prudential Life Ins. Co. (266 App. Div. 872), a judgment entered on the verdict in favor of the plaintiffs was reversed and the complaint was dismissed where it appeared that the plaintiff was injured as a result of defective weatherstripping on the saddle of a door which caused her to fall. The court there said: “ Having come upon the premises, a one-family dwelling, for social purposes, she was not an invitee in a business sense, but a licensee, and as such took the premises as she found them. The appellant is not liable unless the proximate cause of injury was something in the nature of a trap or of an affirmative act of negligence, neither of which was established.” (See, also, Hirschman v. Hirschman, 4 A D 2d 630.)
The plaintiffs’ motion for summary judgment is denied. The defendants’ motion for summary judgment dismissing the complaint is granted.