IRENE TOMAINO & another *vs.* EDWARD NEWMAN & another.

Norfolk.    January 6, 1965. — February 2, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Negligence,* Invited person, Guest, Motor vehicle, Gross.

A finding of negligence on the part of an owner of premises toward an invitee thereon standing in back of the owner's automobile after it had gotten stuck in some sand was warranted by evidence that the owner, in trying to extricate the automobile from the sand, placed under a rear wheel a plank which flew back and struck the invitee when the owner started the automobile forward without warning to the invitee or looking to see where the invitee was.    [435]

Evidence in an action, that after the plaintiff had gone as a guest with the defendant's wife in an automobile to see a new house of the defendant and the automobile had gotten stuck in sand in an unfinished driveway there, the defendant was sent for and on arriving there asked the plaintiff, who had gone to the street intending to return home, to go back to the driveway "to see if he needed . . . [the plaintiff] to send help" in case he was unable to get the automobile free, warranted a finding that the plaintiff then became an invitee of the defendant entitled to recover from him for personal injuries caused by ordinary negligence on his part in attempting to extricate the automobile.    [436]

Evidence that one in the course of conduct which could have been found to have been negligent used intemperate language and was "getting madder and yelling and hollering" did not warrant a finding of gross negligence on his part.    [436]

TORT.    Writ in the District Court of Northern Norfolk dated April 29, 1961.

Upon removal to the Superior Court the action was tried before *Bolster, J.*

*John T. Gaffney* (*John J. Donoghue* with him) for the plaintiffs.

*Robert W. Emmons, Jr.* (*Paul J. Dolan* with him) for the defendant Edward Newman.

SPALDING, J. The declaration in this action of tort contains eight counts. In counts 1 and 2 Irene Tomaino (hereinafter called the plaintiff) seeks compensation for personal injuries arising from the alleged negligence of the defendant Edward Newman (hereinafter called the defendant). Count 1 is based on ordinary negligence; count 2 on gross negligence. Counts 3 and 4, based on negligence and gross negligence, respectively, are against Barbara Newman, Edward's wife. In counts 5 to 8, inclusive, Joseph Tomaino, the plaintiff's husband, seeks consequential damages against each defendant. These counts are likewise based on negligence and gross negligence.

An auditor, to whom the case was referred (findings not final), found for the plaintiff and her husband against the defendant Edward Newman, and in favor of the defendant Barbara Newman. He found that at the time the plaintiff was injured there was no guest-host relationship between the plaintiff and either of the defendants; that the defendant Edward Newman was negligent; and that the defendant Barbara Newman was free from negligence.

The case was tried to a jury on the auditor's report and other evidence. At the close of the plaintiffs' case the defendants moved for directed verdicts on all counts and the motions were allowed, subject to the plaintiffs' exceptions. The plaintiff and her husband now press their exceptions only to the direction of verdicts in favor of Edward Newman.

We summarize the evidence as follows: The plaintiff and the defendants, all residents of Needham, had been friends for about five years prior to the accident, which occurred on May 20, 1960. The Newmans were building a new house in Needham and the plaintiff had expressed a desire to see it. On the morning of May 20, Mrs. Newman informed the

plaintiff that she was calling to take her over to see the house. Mrs. Newman, driving her husband's station wagon, "picked up" the plaintiff and drove to the Newman's new house. They were accompanied by the plaintiff's four year old daughter and the Newmans' three year old son. After inspecting the house for about an hour, the group got into the station wagon and Mrs. Newman turned it around. The driveway was unfinished, "consisting of gravel and sand, and was on a downgrade facing the street." "The rear wheels got stuck in the sand, and the machine stalled." After the plaintiff and Mrs. Newman had tried, without success, to get the car out of the sand, they went onto the highway to seek "other means of getting home." The plaintiff wanted to walk along the road and hail a car going to town. Mrs. Newman sent word of their plight to her husband through a passing motorist. Shortly thereafter, Newman arrived in another car. He was nervous and upset and scolded his wife for "getting the car stuck." Newman asked his wife and the plaintiff to return to the driveway where the car was stuck "to see if he needed them to send help back from town if he couldn't get the stuck vehicle free."

Failing in several efforts to extricate the car, Newman then jacked it up, dug out the sand around the rear wheels, and placed a plank under each wheel. The planks were four or five feet long, five inches wide and one and one-half inches thick. He then removed the jack, got into the car and started the motor. With no warning to the women and children who were nearby, and without looking to see where they were, Newman drove the car forward. As he did so, the plank under the right wheel flew back and struck the plaintiff, knocking her to the ground. The plaintiff, when struck, was standing about ten feet to the rear and about three feet to the right of the station wagon.

The duty of care owed by the defendant to the plaintiff where the accident occurred on his premises is dependent upon the plaintiff's status. If the plaintiff was an invitee, the defendant would be liable for ordinary negligence, of which there was ample evidence. *Gile* v. *J. W. Bishop Co.*

184 Mass. 413.   *Greco* v. *Sumner Tavern Inc.* 333 Mass. 144. To recover as a social guest the plaintiff must prove gross negligence.[1]   One "may be an invitee by reason of his having conferred a benefit in the performance of something in which the defendant had an interest."   *Trott* v. *Yankee Network, Inc.* 335 Mass. 9, 13.   The benefit need not be of a pecuniary nature, but it must consist of more than "those intangible advantages arising from mere social intercourse." *Comeau* v. *Comeau,* 285 Mass. 578, 581.   *Taylor* v. *Goldstein,* 329 Mass. 161, 163–165, and cases cited.

The jury could have found that the plaintiff was an invitee of the defendant.   The defendant asked the plaintiff, who had intended to return home, to come back to the driveway in order to assist him in the event that he needed to send for help.   From this the jury could have concluded that the plaintiff was conferring a benefit in the performance of something in which the defendant had an interest. The counts on negligence, 1 and 5, ought to have gone to the jury.

Alternatively, the jury could have found that at the time of the accident a host-guest relationship existed.   But in that event the defendant would be liable only for gross negligence.   *Comeau* v. *Comeau,* 285 Mass. 578, 581.   *Pandiscio* v. *Bowen,* 342 Mass. 435, 437.   Here, the only aggravating factors consisted of evidence that the defendant used intemperate language; that he was "getting madder and yelling and hollering," and that he was extremely mad. This is not sufficient to establish that the steps taken by him to extricate his car amounted to gross negligence.   See *DeSimone* v. *Pedonti,* 308 Mass. 373.   The motions for directed verdicts for the defendant on the counts for gross negligence, 2 and 6, were properly allowed.

*Exceptions sustained.*

---

[1] The auditor found that at the time of the accident the host-guest relationship had terminated.   But such a finding, without more, would not warrant a recovery based on negligence.   The plaintiff's status might have been that of a licensee or an invitee.   If her status was that of a licensee the plaintiff could not prevail, for neither the pleadings nor the proof would warrant recovery on the basis of wanton and reckless conduct.