JOSEPH D. CLANCY
for the plaintiff
CHARLES J. ELMORE
for the defendant

---

## JOSEPH LEVINE

### v.

## NATHAN KOFFMAN

Argued: Jan. 24, 1968.  Decided: Feb. 27, 1968.

*Present:* Nash, C.J., Cox, Murphy, JJ.

Case tried to *Colten, J.* in the Municipal Court of Brookline  No. R1169 of 1964.

*Cox, J.* In this action of tort the plaintiff seeks damages for injuries he received when he slipped and fell because of an artificial accumulation of ice and snow at the entrance to 20 Wilder Street, Dorchester, on February 21, 1964.

There was a finding for the plaintiff.

Before trial it was agreed that proper notice was given as required by law.

The case was reported for our determination because the defendant claims to be aggrieved by the denial of the following rulings which he requested the justice to make:

> 1.  The evidence does not warrant a finding that the defendant, his agents or servants were negligent.

> 2.  The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by him to the plaintiff.

5. The landlord is not under any duty to remove natural accumulation of ice and snow from common passageways and a gratuitous undertaking by a lessor to remove such snow imposes no liability for ordinary negligence (338 Mass. 518).

Request number 5 was denied as inapplicable by the justice who made special findings as follows:

The defendant was the owner of a dwelling consisting of fourteen apartments. On February 21, 1964 at about 9:30 A.M., the plaintiff, who was a letter carrier, made a delivery of mail to the dwelling. He ascended the front steps, left some mail in the receptacle provided for the purpose and as he began to descend the steps he slipped and fell on some ice which had accumulated as a result of icicles dripping from the piazza above the front stairs. The defendant had noticed the ice on the stairs prior to the time the mail was delivered and though he had informed the janitor to put some sand on the stairs, this was not done until after the plaintiff fell.

"I find as a fact that there was an unnatural

accumulation of ice on the stairs and I further find as a fact that the plaintiff was not negligent.''

The primary question for decision is whether Joseph Levine, a United States letter carrier, was an invitee of the defendant landlord at the time and place he fell and was injured.

The duty of care owed by the defendant to the plaintiff where the accident occurred on his premises is dependent upon the plaintiff's status. If the plaintiff was an invitee, the defendant would be liable for ordinary negligence. *Tomaino* v. *Newman,* 348 Mass. 433, 435. *McCarthy* v. *Isenberg,* 321 Mass. 170, 173. *Mallock* v. *Derby,* 190 Mass. 208, 210. Because the finding was warranted that the plaintiff Levine was the defendant's invitee in the common area under the defendant's control where and when the plaintiff fell and was injured, requests numbers 4 and 5 were rightly denied. The defendant's control of the area is clearly shown. He was the owner of the building which contained fourteen apartments. He had installed and maintained the letter boxes. His employee had emptied rubbish and cleaned the hallways. Previously to the accident the employee had shoveled snow from the front walk and placed rock salt there. Shortly before the accident the defendant had himself ordered his employee to place sand over the area where the plaintiff later fell. His order was not obeyed until after the accident.

We reach our conclusion that the plaintiff was the defendant's invitee in the common area described, which was within the defendant's control, on the authority of *Gordon* v. *Cummings,* 152 Mass. 315 which we regard as controlling on the primary question of the plaintiff's status.

In *Gordon* v. *Cummings,* 152 Mass. 513, the plaintiff, like Joseph Levine, was a United States letter carrier. At the head of a flight of four steps at the entrance to the building in question a door opened upon an entry or hallway in which there were three or four boxes placed to receive the tenants' mail. The letter carrier was in the process of delivering a letter to the box of tenants, who were tenants at will of two upper floors, when he fell into an unguarded elevator well. The defendants were the owners of the building. The court observed (p. 515), "How long these letter boxes had been in the entry, or how often the plaintiff had visited them in the discharge of his duty as a letter carrier, does not fully appear by the report, but their existence in so public a place, which was, so far as appears, entirely in the control of the defendants, could not have been without their knowledge, and, whatever the rights of the tenants or their servants may have been in the entry, afforded some evidence that the boxes were there by the defendants' authority and permission, and that the letter carrier in visiting them in the performance of

his duty came there by the implied invitation of the defendants for the convenience of their tenants, or at least that he was authorized to believe that he came there by such an invitation. While the building was intended for workshops, and while there were no offices in it, it was still one where, to some extent at least, the tenants received letters, and there was a preparation and adaption of the entry, or hallway, for the plaintiff's use which might well lead him to believe that he could safely enter in the performance of his duty. (cits.)

"If the plaintiff was authorized and induced to enter this hallway, there was also evidence of a want of due care in the management of the elevator well down which the defendant fell." In *Sirk* v. *Plante,* 349 Mass. 770, a snow and ice case involving a United States letter carrier, he was denied recovery, not because he was not the invitee of the owner of premises where he was injured, but because there was no negligence on the owner's part. See also *Learoyd* v. *Godfrey,* 138 Mass. 315. *Finnegan* v. *Fall River Gas Works,* 159 Mass. 311 (meter reader). *Mallock* v. *Derby,* 190 Mass. 208, 210. *Tomaino* v. *Newman,* 348 Mass. 433.

In the case before us there was evidence to warrant the finding, not only that the plaintiff's status was that of invitee of the defendant in a common area under the defendant's control, but also to warrant findings that the de-

fendant was negligent and that the plaintiff was in the exercise of due care.

There was evidence which would warrant the following findings. There was an unnatural accumulation of ice on the front step where the plaintiff fell and that his fall was occasioned thereby. The icy accumulation on the step came from the drippings from icicles hanging from the gutter on the piazza above the step. The defendant Koffman himself had noticed the condition that morning at nine o'clock while entering the premises with his employee Miller and had instructed Miller to place sand on the area where the drippings were accumulating. Miller had noticed the drippings before that. The sand was not spread by Miller until after nine-thirty. Meanwhile, at about nine-fifteen, the plaintiff slipped and fell on the icy step and was injured. Such evidence warranted a finding of negligence for which the defendant may be held responsible. Accordingly, requests numbers 1 and 3 were also rightly denied. *Falden* v. *Gordon,* 333 Mass. 135, 137-138. *Ferreira* v. *Gross,* 323 Mass. 175, 178. The defendant knew of the condition before the accident and may be held to be wanting in due care for failure to correct it before the plaintiff fell. *Thornton* v. *First National Stores, Inc.* 340 Mass. 222, 225. *Lanagan* v. *Jordan Marsh Co.,* 324 Mass. 540. *Mansfield* v. *Spear,* 313 Mass. 685.

There was no error in denying request

number 2 which related to assumed contributory negligence of the plaintiff. Even though the plaintiff had noticed the drippings from the porch above when he entered the premises, he was reaching for the hand rail when he slipped and fell. His due care was a question of fact and the finding in his favor was warranted. *Gordon* v. *Cummings,* 152 Mass. 513, 517. See also *Learoyd* v. *Godfrey,* 138 Mass. 315, 324. *Lindgren* v. *Marraffa,* 350 Mass. 376, 379.

As no prejudicial error has been shown the **report should be dismissed.**

AARON SIBLEY and JOHN P. FORTE
   both of Boston for the Plaintiff
BADGER, PARRISH, SULLIVAN and FREDERICK
   of Boston for the Defendant