WILLIAM VAN DER WOUDE AND MARIAN VAN DER WOUDE, PLAINTIFFS-RESPONDENTS, v. MILDRED GATTY, INDIVIDUALLY AND MILDRED GATTY, EXECUTRIX, *ETC.*, *ET AL.*, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 23, 1969—Decided October 15, 1969.

Before Judges KILKENNY, LABRECQUE and LEONARD.

*Mr. Robert C. Pollock, Jr.* argued the cause for appellants (*Mr. Robert F. Colquhoun,* attorney).

*Mr. Amos C. Saunders* argued the cause for respondents (*Messrs. Dobrin, Muscarella & Saunders,* attorneys; *Mr. Aaron Dines,* on the brief).

The opinion of the court was delivered by

LABRECQUE, J. A. D. Mildred Gatty, individually and as executrix of her husband's estate, appeals from a judgment in favor of plaintiffs based upon a jury verdict, and from the denial of her motion for a new trial or for judgment *n.o.v.*

On February 26, 1966 plaintiff Marian Van Der Woude and her husband William Van Der Woude were visiting Mrs. Gatty, Mrs. Van Der Woude's aunt, on the occasion of the latter's birthday. They arrived at about 6:30 P.M., and during the course of their departure some four hours later Mr. Van Der Woude sustained a fall while leaving the premises by way of the front porch and steps.

There was proof that the building in question was a two-family one owned by Mr. and Mrs. Gatty (he died after suit was instituted). They lived in the first-floor apartment and tenants occupied the apartment on the second floor. Entrance from the street to both apartments was by a porch and steps at the front of the building. There was a light fixture on the porch but the light had not been turned on at the time of the accident. Mr. Van Der Woude slipped and fell on a patch of ice on the first step. It was "bitter cold" on the evening of the accident although the afternoon had been "clear and sunny." There had been a previous snow, and snow and ice had been melting during the day. Immediately

after the accident icicles were observed hanging down from the roof over the first step.

Although defendant's brief raises seven points, the core issue here is the duty owing plaintiff Van Der Woude at the time of the accident. Defendant advances a twofold argument: (1) she owed no duty to him other than that owing to a social guest, and (2) assuming the contrary, it was error to permit recovery based upon a finding that his status was that of an invitee in view of the state of the pleadings and pretrial order, and of plaintiffs' opening.

It would appear clear that while visiting in the Gatty apartment plaintiffs came under the classification of what has been loosely denominated as social guests. The duty owing to one in that category is somewhat less than that owed an invitee on the premises. *Berger v. Shapiro,* 30 *N. J.* 89, 97–99 (1959). However, since it was not disputed that the porch and steps where Mr. Van Der Woude fell were furnished for use in common by the occupants of the two apartments, the trial judge charged the jury that Mr. Van Der Woude, while using them, was an invitee of the owners, to whom the duty of exercising reasonable care was owing. See *Snyder v. I. Jay Realty Co.,* 30 *N. J.* 303, 313 (1959). Defendant urges that, while the rule thus charged was correct as a general principle, it was subject to an exception which precluded liability for failure to exercise reasonable care where the injured person was using a common stairway following a social visit to an owner of the building who also resided there. We disagree.

In *Taneian v. Meghrigian,* 15 *N. J.* 267 (1954) it was held that where the owners of a multi-family dwelling maintained a common stairway for access to the apartments, the duty of reasonable care owing to persons visiting tenants extended to a plaintiff who was injured on a common stairway following a social call on one of the owner occupants of an apartment in the building. Defendant urges that *Taneian* is distinguishable and should not be applied here, principally because (1) there the court was dealing with a

14-family apartment subject to the Tenement House Act, *N. J. S. A.* 55:1–24, and (2) the building had more than two owners (Meghrigian and Najarian), whereas here there was but one.

We find no basis in the court's reasoning in *Taneian* for restricting its application as defendant urges. There is nothing to suggest that if both Meghrigian and Najarian had resided in the apartment (as, indeed, did Mr. and Mrs. Gatty here) the duty owing to Taneian would be less than that owing to an invitee, or that liability depended upon the status of the building as a tenement house. On the contrary, the court held:

> [B]y the same token, the landlord who is also a dweller in a unit of a multi-family house is under the same duty of care to his own social visitors as the guests of all other tenants in their use of the common passages: for this is a common-law tort liability arising out of the reservation of possession and control of the common facilities for their mutual material welfare, a relation radically different from that obtaining in the dwelling unit itself. This would seem to be axiomatic truth, once the basic principle is taken into account. Giving due regard to the difference between invitation and mere permission, there was here an invitation implied from conduct and use. Plaintiff was not, on the occasion of the mishap, "an ordinary guest in a dwelling house," where the guest "for the time being becomes a member of the family of the host, entitled to the protection thrown about the household." *Comeau v. Comeau*, 285 *Mass.* 578, 189 *N. E.* 588, 92 *A. L. R.* 1002 (*Sup Jud. Ct.* 1934). The unreason and illogic of applying the social visitor doctrine to this case is manifest. [at 281–282]

We hold with the trial judge that at the time plaintiffs were in the process of proceeding from Mrs. Gatty's apartment to the street by way of the porch and stairs furnished by her and her husband, as owners, for the common use of the occupants of the building, they were invitees of the owners to whom the duty of reasonable care was owing. The social visit ended when plaintiffs left the apartment. On the stairway they had, as to the owners, the same status as social visitors to the other tenants. *Taneian, supra,* at 281. As owners, the Gattys were already duty-bound to exercise

reasonable care to keep the common passageways reasonably safe for guests of the tenants on the second floor, and it is clear that liability would have attached had plaintiffs been visiting the latter. The degree of care required by them would have been the same had there been three instead of two apartments in the building. We see nothing in reason or logic to support a rule which would hold that the owners were not liable to plaintiffs here, but had the latter stopped on the way out to visit the tenants on the second floor and then fallen, the owners would have been liable.

We find no factual support for defendants' contention that the case was submitted to the jury on a theory other than that on which plaintiffs had relied up to the time of trial. Defendants' argument is that plaintiffs were estopped from asserting that the law applicable to the Van Der Woude cause of action was other than that applicable to a social guest injured while in the home of his hostess. In the complaint plaintiffs are neither directly nor indirectly referred to as social guests of Mr. and Mrs. Gatty. In the pretrial order, while plaintiffs' factual contention is that they had been guests in defendant's home, they contended that the accident occurred on the front stairway as they were leaving; that it was a common stairway for all tenants living on the premises; that defendants were responsible for its maintenance, and that by reason of defective and improper drains on the porch roof water was allowed to drip onto the stairway where it froze and created a dangerous and hazardous condition. While plaintiffs' attorney in opening to the jury mentioned that when his clients "stopped for a social call" they became "social guests," he made it clear that the accident did not occur in the Gatty apartment but on the front steps, as to which he raised the contentions as to negligence referred to above. We find no objection to his opening, no motion to strike any part of it and no motion for an adjournment such as would have been in order had plaintiffs been introducing a new issue into the case.

Once plaintiffs adduced facts which established that the accident occurred at the place and in the manner contended by them, it became the duty of the court to charge the law applicable to such a state of facts.

We have considered the remaining grounds urged for reversal and find them to be without merit. Here the testimony indicated that the injured plaintiff was caused to fall by reason of a slippery patch of ice on a common stairway. The jury could have concluded that the condition was a hazardous one and arose through the substandard construction of the porch roof. It could also have concluded that had the porch light been turned on by Mrs. Gatty, he might have detected the presence of the ice in sufficient time to avoid it. We are satisfied that, in the context of the proofs, the jury was correctly charged as to the issues and the law applicable. The trial judge properly denied defendant's motion for a judgment *n. o. v.* and, considering the limited scope of our review, we cannot say that the denial of her motion for a new trial amounted to a manifest denial of justice. *Kulbacki v. Sobchinsky*, 38 *N. J.* 435 (1962).

Affirmed.